JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LEONARD AVILA,

Plaintiff,

vs.

LOS ANGELES POLICE DEPARTMENT, CITY OF LOS ANGELES, COMMANDER STUART MAISLIN and DOES 1 through 10, Inclusive,

Defendants.

CASE NO.: CV 11-1326-SJO (FMOx)

**JUDGMENT AFTER TRIAL BY JURY**

Hon. S. James Otero

//

//

**MEMORANDUM OF POINTS AND AUTHORITIES**

This action came on regularly for trial on March 26, 2012, in Courtroom 1 of the United States District Court, Central District of California, Central Division, the Honorable S. James Otero, Judge Presiding; the Plaintiff Leonard Avila, appearing by attorneys Matthew McNicholas, Esq., and Douglas Winter, Esq., the Defendants, Los Angeles Police Department, City of Los Angeles, Commander Stuart Maislin, appearing by attorneys Gregory Wedner, Esq., and Mark Kitabayashi, Esq.

A jury of 8 persons was regularly impaneled and sworn on March 26, 2012. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court, and the cause was submitted to the jury with directions to return a verdict. The jury deliberated and thereafter returned to the court with its unanimous verdict consisting of the issues submitted to the jury and the answers given thereto by the jury, which said in words and figures as follows, to-wit:

We, the jury in the above-entitled action answer the following questions:

**A. Claim 1**

1. Was Leonard Avila subjected to an adverse employment action?

__X__ Yes ______ No

If you answered Yes, then answer question 2. If you answered No, go to question 4.

2. Was Leonard Avila's participation in protected activity a motivating reason for any adverse employment actions?

__X__ Yes ______ No

If you answered Yes, then answer question 3. If you answered No, go to question 4.

3. Was the Defendants' conduct a substantial factor in causing harm to Leonard Avila?

    __X__ Yes      _____ No

Proceed to question 4.

**B. Claim 2**

4. Did the acts of Defendants and/or their employees deprive Leonard Avila of his due process rights under the Fourteenth Amendment to the U.S. Constitution?

    _____ Yes      __X__ No

If you answered Yes, then answer question 5. If you answered No, go to question 6.

5. Did Defendants and/or their employees act pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant?

    _____ Yes      _____ No

Proceed to question 6.

**C. Claim 3**

6. Did the acts of Commander Maislin deprive Leonard Avila of his due process rights under the Fourteenth Amendment to the U.S. Constitution?

    _____ Yes      __X__ No

If you answered Yes, then answer question 7. If you answered No, go to question 9.

//
//
//
//

     7. Did Commander Maislin act pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant?

_____ Yes _____ No

If you answered Yes, then answer question 8. If you answered No, go to question 9.

8. Did Commander Maislin have a reasonable belief at the time he deprived Leonard Avila of his due process rights under the Fourteenth Amendment to the U.S. Constitution that his actions were in accordance with the law?

_____ Yes _____ No

Proceed to question 9.

9. Answer this question if you answered "Yes" to any of the following questions: 3 or 5. Also answer this question if you answered "No" to question 8. If you answered "No" to questions 3 and 5, and you answered "Yes" to question 8, answer no further questions and have the presiding juror sign and date this form.

What are Leonard Avila's damages?

a. Past economic loss

Lost earnings & benefits $ 26,000

Other past economic loss $ 24,000

Total Past Economic Damages (subtotal): $ 50,000

b. Future economic loss

Lost earnings & benefits $ 0

Total Future Economic Damages: $ 0

//

//

c. Past noneconomic loss, including physical pain/mental suffering: $ 0

d. Future noneconomic loss, including physical pain/mental suffering: $ 0

**TOTAL** **$** 50,000

Answer question 10 only if you answered "No" to question 8.

10. Was Commander Maislin's conduct malicious, oppressive or in reckless disregard of Leonard Avila's due process rights?

_____ Yes _____ No

//

//

//

//

By reason of the jury's special verdict and the rulings of the Court, Plaintiff Leonard Avila is entitled to Judgment against Defendants City of Los Angeles and Los Angeles Police Department, and Defendant Stuart Maislin is entitled to Judgment in his favor as to the claims brought against him.

Now therefore, it is **ORDERED, ADJUDGED AND DECREED** that Plaintiff Leonard Avila shall have and recover $50,000 jointly and severally from Defendants City of Los Angeles and Los Angeles Police Department.

Further, Plaintiff shall recover reasonable attorneys' fees and costs in accordance with FRCP Rule 54 and Local Rule 54, as well as 29 U.S.C. § 216(b) and the Fair Labor Standards Act, to the extent that entitlement to said attorneys' fees and costs is proven to the Court, and Plaintiff shall recover liquidated damages as defined under 29 U.S.C. § 216(b) and the Fair Labor Standards Act to the extent that **Plaintiff is entitled** to said damages **and if such damage claim** is proven to the Court. This judgment shall be amended to reflect such awards.

Additionally, Defendant Stuart Maislin will recover reasonable costs in accordance with FRCP Rule 54 and Local Rule 54, wherein reasonable costs specifically excludes any amounts for attorney fees, to the extent that entitlement to said costs is proven to the Court and that the Court finds Defendant Maislin to be a prevailing party. In the event that Court finds that Defendant Maislin is a prevailing party and finds that as such he is entitled to costs, the amount of said costs shall be accounted for in the amended judgment by subtracting them from the total costs awarded Plaintiff under FRCP Rule 54, Local Rule 54, 29 U.S.C. § 216(b) and the Fair Labor Standards Act, and shall not be a separate line item payable to anyone.

Dated: _April 19_, 2012

S. James Otero

HON. S. JAMES OTERO
United States District Court Judge